PER CURIAM.
Beachcrest was insured under a fire policy issued by Glens Falls containing a co-insurance clause which included the following provision:
“8. Electrical Apparatus — This Company shall not be liable for any loss resulting from any electrical injury or disturbance to electrical appliances, devices, fixtures or wiring caused by electrical currents artificially generated unless fire ensues, and, if fire does ensue, this Company shall be liable only for its proportion of loss caused by such ensuing fire.” (Emphasis added.)
Beachcrest sued on the policy alleging that as a result of a fire it had sustained damage to the electrical system of its building. Glens Falls defended on the theory that any damage sustained by Beachcrest had been caused by an electrical disturbance rather than by fire and hence such damage was excluded from coverage. A non-jury trial resulted in judgment for Beachcrest, the court stating in the final judgment its finding that “a fire ensued from an electrical short circuit” as a result of which fire Beachcrest sustained damages. The judgment awarded damages in the amount of $2,616.01, which was the exact amount of the repair bill incurred by Beachcrest to replace the entire electrical system in the building.
On this appeal Glens Falls questions the sufficiency of the evidence to establish that the repairs shown by the repair bill were necessitated by the fire. We conclude from a review of the testimony before the trial judge, and particularly that of the electrician doing the repair work, that there was sufficient competent evidence before the court upon which it could reach the conclusion that all of the repair work was necessitated by the fire. Beachcrest was entitled to recover the amount required to make the most economical repairs so as to place the property in as nearly the same condition as it was before the loss even though the property was in better condi *386 tion after the repairs were made than it was before. Glens Falls Insurance Company v. Gulf Breeze Cottages, Inc., Fla. 1949, 38 So.2d 828.
Having reached the determination that Beachcrest proved that the damages awarded it were those which directly resulted from fire, it is unnecessary for us to pass upon appellant’s remaining point.
Affirmed.
REED and OWEN, JJ., and DYKES, ROGER, Associate Judge, concur.